


FILED
SEP 2 2 2009

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| VOLVO FINANCIAL SERVICES F/K/A VOLVO COMMERCIAL FINANCE, A DIVISION OF VFS US LLC, A DELAWARE LIMITED LIABILITY COMPANY | \* \* \* \* \* \* | CIV 08-4196 MEMORANDUM OPINION AND ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS |
| Plaintiff, | \* \* | |
| -vs- | \* \* | |
| RICHARD GARTNER, AN INDIVIDUAL | \* \* | |
| Defendant/Third-Party Plaintiff | \* \* | |
| -vs- | \* \* | |
| VOLVO TRUCKS NORTH AMERICA, INC., A DELAWARE CORPORATION, | \* \* \* | |
| Third-Party Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is a Motion to Dismiss the Third-Party Complaint filed by Third-Party Plaintiff, Richard Gartner, an individual, against Third-Party Defendant, Volvo Trucks North America, Inc. (Doc. 17.) Third-Party Defendant has moved to dismiss Mr. Gartner's Third-Party Complaint on the basis that Mr. Gartner is not the real party in interest under Federal Rules of Civil Procedure 17(a).

## BACKGROUND

On or about October 14, 2005, Gartner Transportation, Inc. ("Gartner Transportation") executed a Credit Sales Contract with GATR of Sauk Rapids, Inc. whereby Gartner Transportation purchased a 2006 Volvo truck for $135,001.68, to be paid in 66 monthly installments of $2,045.48 commencing November 14, 2005 ("First Credit Sales Contract"). On or about October 14, 2005,

GATR of Sauk Rapids assigned the First Credit Sales Contract to Plaintiff, Volvo Financial Services. Pursuant to the terms of the assignment agreement, Plaintiff acquired all rights and remedies and assumed all obligations arising under the First Credit Sales Contract.

On November 5, 2005, Richard Gartner, executed and delivered to Plaintiff an instrument, in writing, in which he personally guaranteed to Plaintiff payment of all the obligations of Gartner Transportation then existing or thereafter accrued, together with accrued interest, costs and attorney's fees incurred in the collection thereof and the enforcement of said Guaranty ("Guaranty").

On or about January 18, 2006, Gartner Transportation executed a second credit sales contract with Dakota Volvo Trucks, Inc. whereby Gartner Transportation agreed to purchase a 2006 Volvo Truck for $151,943.40 to be paid in 60 monthly installments of $2,532.39 commencing March 5, 2006 ("Second Credit Sales Contract"). On or about January 18, 2006, Dakota Volvo Trucks, Inc. assigned the Second Credit Sales Contract to Plaintiff, Volvo Financial Services. Pursuant to the terms of the assignment agreement, Plaintiff acquired all rights and remedies and assumed all obligations arising under the Second Credit Sales Contract.

On or about October 22, 2007, Gartner Transportation and Plaintiff entered into a modification agreement of the First and Second Credit Sales Contracts. Pursuant to the modification agreements, Gartner Transportation admitted, among other things, that it was delinquent in its payments under the First and Second Credit Sales Contracts and agreed to a modified repayment schedule. In his capacity as guarantor, Mr. Gartner acknowledged both modification agreements.

Gartner Transportation defaulted under the terms of the First and Second Credit Sales Contracts and modification agreements by failing to remit the payment due under the modification agreements and by filing on November 5, 2008, in the United States Bankruptcy Court for the District of South Dakota, a voluntary petition for relief under Chapter 11 of Title 11 of the United

States Code.[1]

On December 5, 2008, Plaintiff, filed a complaint in the United States District Court for the District of South Dakota in which it alleges that Mr. Gartner is liable, pursuant to the terms of the personal guaranty agreement executed by him, for amounts due under the First and Second Credit Sales Contracts and the modification agreements. On January 8, 2009, counsel for Mr. Gartner, Douglas R. Kettering, responded to Plaintiff's allegations in its Answer and asserted therein a third-party claim against Volvo Trucks North America, Inc. Specifically, Mr. Gartner claims that the vehicles purchased by Gartner Transportation were not as warranted and that Defendant incurred damages in excess of $75,000 as a result of the deficiencies in the vehicles.

On February 9, 2009, Third-Party Defendant, Volvo Trucks North America, Inc. filed a Motion to Dismiss Third-Party Complaint on the basis that Third-Party Plaintiff, Mr. Gartner, is not the real party in interest under Federal Rules of Civil Procedure 17(a). (Doc. 17.)

No response has been filed to Third-Party Defendant's Motion to Dismiss. On June 16, 2009, Counsel for Third-Party Defendant submitted via affidavit that Douglas R. Kettering, counsel for Mr. Gartner, passed away on April 23, 2009, and accordingly filed a motion for status conference given the unclear status of Mr. Gartner's legal representation. (Doc. 20.)

The Court dismissed Plaintiff's Motion for Status Conference without prejudice. (Doc. 21.) The Court noted in its Order that the docket shows that Thomas Pokela, a lawyer admitted to the bar of this Court, is listed as counsel of record aside from Mr. Kettering, the deceased. The Court further stated that if no response is filed to the Motion to Dismiss the Third-Party Complaint, then the motion will be considered by the Court to be unopposed and the Court will proceed accordingly. On

---

[1] Under the First and Second Credit Sales Contracts, the following constitutes an Event of Default: "(a)Buyer [Gartner Transportation] fails to pay any Installment to [Plaintiff] in full when due or fails to make any other payment of the Indebtedness dues under any other agreement with Seller or any affiliate . . . or (e) a petition in bankruptcy is filed by or against Buyer or any guarantor . . . ."

that same day, the Court entered an Order for Form 52 Report and Scheduling Information ordering the parties to hold their Rule 26 meeting and prepare a report complying with Form 52 no later than July 30, 2009. (Doc. 23.)

On September 8, 2009, Plaintiff filed a renewed motion for status conference. (Doc. 26.) Therein, counsel for Plaintiff stated that in speaking to Mr. Pokela regarding the Rule 26 meeting, Mr. Pokela indicated that he was not in a position to confer and had advised Mr. Gartner to seek other counsel to represent him in the present case because Mr. Pokela does not represent clients in this type of litigation. Counsel for Plaintiff has subsequently contacted Mr. Pokela regarding the status of Mr. Gartner's search for different representation and Mr. Pokela indicated that Mr. Gartner did not provide an explanation when asked about the issue.

The time to file a response in opposition to Third-Party Defendant's Motion to Dismiss has expired and the Court will consider the unopposed motion on its merits. The Court finds that Mr. Pokela is still listed on the docket as counsel for Mr. Gartner as he has made no motion to withdraw.

## DISCUSSION

Third-Party Defendant in this matter has moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) the Third-Party Complaint on the basis that Third-Party Plaintiff, Richard Gartner, is not the real-party in interest.

Rule 17(a) requires that every action "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "This rule requires that the party who brings the action actually possess, under the substantive law, the right sought to be enforced." *United Healthcare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 568-69 (8th Cir. 1996). "The purpose of a real party in interest provision is to assure that a defendant is required only to defend an action brought by a proper party plaintiff and that such an action must be defended only once." *Tri-State Refining & Inv. Co., v. Apaloosa Co.*, 431 N.W.2d 311, 313 (S.D. 1988) (quoting 59 Am.Jur.2d *Parties* § 35 (1987)).

4

In a diversity action such as the case presently before the Court, state law determines the issue of who is the real party in interest. *Dubuque Stone Prods. Co. v. Fred L. Gray Co.,* 356 F.2d 718, 723 (8th Cir. 1996). Under South Dakota law, the real party in interest rule is satisfied when the party bringing the lawsuit has a "real, actual, material, or substantial interest in the subject matter of the action." *Tri-State Refining,* 431 N.W.2d at 313 (citation omitted). One is not transformed into a real party in interest simply because one may benefit from the result of the litigation. *Wang v. Wang,* 393 N.W.2d 711, 775-76 (S.D. 1986).

The Court concludes that Mr. Gartner is not the real party in interest entitled to relief for the complaints asserted in his Third-Party Complaint. While the Third-Party Complaint does not specify the cause of action Mr. Gartner is pursuing against Third-Party Defendant, it appears from the facts alleged therein that Mr. Gartner is asserting a claim for breach of express warranty. Mr. Gartner states in his Third-Party Complaint that the trucks purchased by Gartner Transportation did not perform as warranted and that as a result, he incurred lost income during the period in which the deficient vehicles were inoperable and incurred expenses to affect their repair. (Third-Party Compl. ¶¶ 5, 7.)

Both the State of Minnesota and the State of South Dakota, where the vehicles in question were purchased,[2] permit a "consumer" of a new or previously untitled motor vehicle to bring a civil cause of action against a manufacturer if the vehicle does not conform to all applicable express warranties and the manufacturer fails to repair, refund, or replace the nonconforming vehicle as required under the statutes. *See generally* Minn. Stat. Ann. § 325F.665; SDCL 32-6D-6. A "consumer" for purposes of this lawsuit is defined by South Dakota statute as "the purchaser, other than for purposes of resale, of a new or previously untitled motor vehicle used in substantial part for personal, family, or household purposes, and any other person entitled by the terms of such warranty

---

[2]Gartner Transportation purchased the first vehicle at issue in this case from GATR of Sauk Rapids, Minnesota. *(See* Ex. 1, First Credit Sales Contract.) Gartner Transportation purchased the second vehicle at issue in this case from Dakota Volvo Trucks, Inc. in Sioux Falls, South Dakota. *(See* Ex. 4, Second Credit Sales Contract.)

5

to enforce the obligations of the warranty." SDCL 32-6D-1(1). Similarly, Minnesota statute defines a "consumer" as "the purchaser or lessee, other than for purposes of resale or sublease, of a new motor vehicle used for personal, family, or household purposes at least 40 percent of the time, and a person to whom the new motor vehicle is transferred for the same purposes during the duration of an express warranty applicable to the motor vehicle." Minn. Stat. Ann. § 325F.665(1)(b).

Because there is no evidence that Mr. Gartner is the purchaser or lessee of the vehicles at issue in the present case, nor that such vehicles were transferred to his ownership, Mr. Gartner does not possess a right under state law to enforce any express warranties allegedly made by Third-Party Defendant as to their fitness and condition. The First and Second Credit Sales Contracts show Gartner Transportation, not Mr. Gartner, as the purchaser of the two vehicles. Accordingly, Mr. Gartner is not considered to be the real party in interest.

Before a court may dismiss a claim on the ground that it is not prosecuted in the name of the real party in interest, a court must afford a plaintiff a "reasonable time" after objection for the ratification by, or joinder or substitution of, the real party in interest. Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."); *see Consul Gen. of the Republic of Indon. v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1047-48 (8th Cir. 2003) (stating that reasonable time to amend is measured from the time of objection to the defect, not from the time the objection is sustained).

The Court finds that Mr. Gartner has had ample time to cure the defect after Third-Party Defendant's objection concerning real party in interest. Mr. Gartner was made aware of Third-Party Defendant's objection more than seven months ago when Third-Party Plaintiff filed its motion to dismiss.[3] Dismissal of the Third-Party Complaint is therefore appropriate at this time.

---

[3]Third-Party Defendant filed its motion to dismiss on February 9, 2009.

For the foregoing reasons, it is hereby ORDERED that:

(1) Defendant's Motion to Dismiss (Doc. 17) is GRANTED. The Third-Party Complaint is dismissed without prejudice on the basis that Third-Party Plaintiff, Richard Gartner, is not the real-party in interest.

(2) Plaintiff's Motion for Hearing Regarding Case Status (Doc. 26) is GRANTED. A status conference is scheduled for Thursday, October 8, 2009, at 11:00 a.m. Counsel may appear by telephone if previous arrangement is made in advance with Court staff.

Dated this 22nd day of September, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:
(SEAL)    DEPUTY